Joseph N. Marshall, Appellant, v. Timothy S. Brick.

*Mechanic's lien—Contract—Statute of frauds.*

A contractor in a building contract failed before the completion of the
buildings, and the plaintiff, a large creditor of the contractor, who became
the purchaser of his property at sheriff's sale, agreed to finish the building and to assume the contractor's place under the original building contract. The owner of the buildings paid the full amount of the contract
price either to the original contractor or, with the plaintiff's assent, to
mechanics and material men. Plaintiff filed a mechanic's lien for sums
expended in excess of the contract price. In a scire facias sur **mechanic's**

lien it was *held*, (1) that the agreement of the plaintiff to finish the buildings was an original agreement entered into for his own advantage, and was not within the statute of frauds; (2) that he could not do the work, and then by filing a mechanic's lien recover for it in a manner wholly different from that of the agreement when the work was undertaken; (3) that a verdict and judgment for defendant should be sustained.

Argued Feb. 12, 1896. Appeal, No. 179, Jan. T., 1896, by plaintiff, from judgment of C. P. Chester Co., Jan. T., 1893 No. 76, on verdict for defendant. Before WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before WADDELL, P. J.

At the trial it appeared that in 1892 Davis Pennock entered into a contract in writing with Timothy S. Brick, to build several houses for Mr. Brick for the sum of $6,100. Pennock failed in September, 1892, and his property was bought in at sheriff's sale by Joseph N. Marshall, the plaintiff, who was a large creditor of Pennock. The houses were under roof, the floors laid and the lathing work done at the time of Pennock's failure. Defendant claimed that plaintiff undertook to finish the buildings under the Pennock contract for what he could make out of it. The plaintiff claimed that he had a direct contract with the defendant to finish the buildings, and that he had paid either to Pennock or, with the plaintiff's assent, to mechanics and material men, an amount in excess of the contract price. The lien was filed for $935.15. The court charged in part as follows:

[Thus you will see Mr. Pennock was unable to perform the contract, which he made with the various parties, and among the rest, Mr. Brick. A portion of the work which he was called upon to perform under the contract with Brick had been performed. You will remember that the houses were all roofed in; that they had gone so far as to have the floors laid in them and the lath put upon them ready for the plaster, and in that condition they were left by Mr. Pennock. The mechanics who were at work upon the building under the direction of Mr. Pennock were stopped in their work by Mr. Pennock, and after being idle for a few days, according to the testimony of the defendant's witnesses, they were instructed to go on, and they did go on, and the buildings were completed. Now after this

sale by the sheriff, and the purchase by Mr. Marshall, he seems
to have conducted the old shop of Mr. Pennock—and this ma-
terial for which this suit was brought was furnished after that
period of time.   The defendant alleges, in connection with these
facts, that after, or about the time, this work was stopped by
Mr. Marshall he agreed to take the contract of Mr. Pennock
and finish these buildings for the contract price entered into by
him, to wit, $6,100; and that this material thus furnished and
this work thus done was necessary to be furnished and done
under Pennock's contract.   If that is so, then you will see that
Mr. Marshall is not entitled to recover, but if no such agree-
ment was made between him and Mr. Brick, then, as I have
said to you, he would be entitled to recover, and the burden of
satisfying you that such a contract was made devolves upon
the defendant.   The plaintiff, then you will see in the first
instance, has made out his case; he has shown you that he did
this work; performed this labor at a price which is satisfactory,
and therefore in the absence of anything else in the case he
would be entitled to recover.

But the defendant says there is something else in the case;
there is a reason why he should not recover, and they have
attempted to satisfy you of that reason.   If they have done so,
then of course the plaintiff cannot recover and your verdict will
be for the defendant.   Now, was such an agreement made be-
tween Mr. Marshall and Mr. Brick.] [1]

[Now that, briefly, gentlemen, is the testimony, as I have it,
that is offered by the defendant to satisfy you that Mr. Marshall
took this contract of Pennock and undertook to finish these
houses for the price Pennock was to receive, less what might
have been paid on account of the contract to the mechanics,
who had done the work up to that period of time.   Does it
satisfy you that that was the agreement between these parties?
If it does, then, as I have said to you, Mr. Marshall cannot
recover for work and labor that he did on these houses, under
the contract that he thus assumed.   All he could get out of it
was what Mr. Pennock could get out of it, and he cannot charge
for material and work that went into the houses by reason of
the contract as distinct items.] [2]

Plaintiff's points were as follows:

1. The contract set up by the defendant, between himself and

the plaintiff, whereby the plaintiff assumed the contract of Davis Pennock, is within the statute of frauds, and not being in writing is not a valid contract, that can be enforced against the plaintiff. *Answer :* As the case appears to my mind, and as I have already said, I do not see that the statute of frauds has any application, and therefore must refuse to affirm that point. [3]

2. If the plaintiff furnished the material claimed in this suit toward the construction of defendant's buildings, with the knowledge and consent of the defendant, the plaintiff is entitled to recover for the material so furnished. *Answer :* That will depend upon what the contract between them was, gentlemen, and in the broad language of the point I must refuse to affirm it. [4]

3. Upon all the evidence in the case, the verdict should be for the plaintiff. *Answer :* I cannot say that. I think there is enough evidence here to leave the question for your consideration. I cannot say to you, as a legal proposition, that either the plaintiff or defendant is entitled to recover. That depends upon the facts, which I have endeavored to call to your attention, but I must leave it for your consideration and you must determine, not I, whether the plaintiff is entitled to recover, or the defendant is entitled to a verdict, and this will depend upon what you shall determine was the agreement between the parties. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Thomas W. Pierce, C. Wesley Talbot* with him, for appellant. —The contract liability was that of Davis Pennock, and it was that contract which Joseph N. Marshall undertook to perform; such a contract liability is a debt within the meaning of our statute of frauds : 8 Am. & Eng. Ency. of Law, 675 ; Maule v. Bucknell, 50 Pa. 39 ; Townsend v. Long, 77 Pa. 150 ; Shoemaker v. King, 40 Pa. 107.

*John J. Gheen* and *Butler & Windle,* for appellee, were not heard, but cited on the question of the statute of frauds : Feh-

linger v. Wood, 134 Pa. 525; Merriman v. McManus, 102 Pa. 102; Nugent v. Wolfe, 111 Pa. 471.

OPINION BY MR. JUSTICE WILLIAMS, March 2, 1896:

This was a proceeding by sci. fa. sur mechanic's lien. The defense set up was that the contract for the houses against which the lien was filed was made with one Pennock, who had failed before their completion; and that the plaintiff who was a large creditor of Pennock, and became the purchaser of his property at sheriff's sale, had completed the work for him, having assumed his place under the original building contract. If this was so, then as Pennock had been overpaid for the work done by him, the plaintiff would be entitled to receive no more than the balance, if any, that might be due under Pennock's contract. This raised a question of fact for the jury which they have decided in favor of the defendant. No question under the statute of frauds is raised by this line of defense. It is not sought to hold the plaintiff for the default of Pennock and compel him to respond therefor. He has responded. He has made good the default of Pennock, which he could not have him compelled to do; and the question now raised is whether having performed the work in compliance with Pennock's contract, he can recover for it, because he might have declined to perform it? The question needs no more than to be stated. The time to set up the statute if it could have been successfully invoked by Marshall at any time was before the work was done. He could not do the work and then by filing a mechanic's lien attempt to recover for it in a manner wholly different from that to which he agreed to look when the work was undertaken. One who would repudiate his own agreement should do so before he has performed it. We see no error in this record to require the reversal of the judgment and it is now affirmed.